**FILED**

IN THE UNITED STATES DISTRIC**UNITED STATES DISTRICT COURT**
**ALBUQUERQUE, NEW MEXICO**
FOR THE DISTRICT OF NEW MEXICO

MAR 1 8 2016

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ORLANDO KING, | ) |
| | ) |
| Defendant. | ) |

**MATTHEW J. DYKMAN**
**CLERK**

Cr. No. 16 – 1027 KBM

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

Orlando King, and the Defendant's counsel, Todd Hotchkiss.

## REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

    a.      to be prosecuted by indictment;

    b.      to plead not guilty, or having already so pleaded, to persist in that plea;

    c.      to have a trial by jury; and

    d.      at a trial:

        1)      to confront and cross-examine adverse witnesses,

    2)        to be protected from compelled self-incrimination,

    3)        to testify and present evidence on the Defendant's own behalf, and

    4)        to compel the attendance of witnesses for the defense.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count 1 of the information, charging a violation of 18 U.S.C. § 1153 and 113(a)(4) that being Assault by Striking, Beating, or Wounding.

### SENTENCING

4.      The Defendant understands that the maximum penalty provided by law for this offense is:

    a.      imprisonment for a period of not more than one (1) year;

    b.      a fine not to exceed the greater of $100,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.      a term of supervised release of not more than one (1) year to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.      a mandatory special penalty assessment of $25.00; and

    e.      restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6.     The parties are aware that the Court will decide whether to accept or reject this plea agreement.   The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.   Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## <u>DEFENDANT'S ADMISSION OF FACTS</u>

8.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **On or about December 4, 2015, I arrived at the "Red Mesa Express" in Torreon, New Mexico with Henderson Castillo. I saw Henderson Castillo and the victim, Joe Montoya, get into a verbal argument. During the verbal argument, I saw Henderson Castillo shove Mr. Montoya and a physical fight began. Eventually, Mr. Montoya was laying on the ground. I, along with Henderson Castillo, struck and kicked Mr. Montoya several times while he was on the ground. I then saw Henderson Castillo retrieve an ax and attempt to strike Mr. Montoya with the ax several times while Mr.**

**Montoya was on the ground. I saw Henderson Castillo strike Mr. Montoya in the arm with the ax, which caused a serious injury. I did not participate or encourage the assault with the ax. I am an enrolled member of the Navajo Nation, and thus Indian as defined by federal law. This assault occurred within the exterior boundaries of the Navajo Nation, in the District of New Mexico, and thus on Indian land as defined by federal law.**

9.    By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant is pleading guilty.   The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

10.    The United States and the Defendant recommend as follows:

a.    The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of three (3) years probation is the appropriate disposition in this case.   This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur.   In addition, the Court may order a fine not to exceed $100,000, a mandatory special penalty assessment and restitution.

b.    If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

11.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information.   The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

12.     Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

13.     The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant.   Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of three (3) years probation as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure.   If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## RESTITUTION

14.     The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

15.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status.   The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

16.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

17.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

> a.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

18.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

19.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

20.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

7

## SPECIAL ASSESSMENT

21.     At the time of sentencing, the Defendant will tender to the United States District

Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico

87102, a money order or certified check payable to the order of the **United States District Court**

in the amount of $25.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

22.     This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties.   This agreement is

effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 18 day of ___ March ___, 2016.

DAMON P. MARTINEZ
United States Attorney


SARAH J. MEASE
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274


I have carefully discussed every part of this agreement with my client.   Further, I have
fully advised my client of my client's rights, of possible defenses, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement.   To my knowledge, my client's decision to enter
into this agreement is an informed and voluntary one.

Todd B. Hotchkiss
Attorney for the Defendant

8

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_Orlando King_
Orlando King
Defendant